THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN REED MORRILL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [42] DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:10-cr-00580<br><br>District Judge David Barlow |

Defendant Austin Reed Morrill filed a motion requesting early termination of his supervised release.[1] Mr. Morrill pleaded guilty to Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B).[2] He was sentenced to 63 months incarceration and a lifetime of supervised release.[3] Mr. Morrill has served the period of incarceration imposed and has completed more than eight years of supervised release.[4]

Under 18 U.S.C. § 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to consider in evaluating early termination of supervised release include several of the factors considered in imposing a sentence:

---

[1] Defendant's Motion for Early Termination of Supervised Release ("Motion"), ECF No. 42, filed December 4, 2024.
[2] Statement in Advance of Plea, ECF No. 28.
[3] Judgment, ECF No. 38.
[4] Motion 1, ECF No. 42.

1

• the nature and circumstances of the offense and the history and characteristics of the defendant;

• the need for the sentence imposed to afford adequate deterrence to criminal conduct;

• the need for the sentence imposed to protect the public from further crimes of the defendant;

• the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

• the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

• the need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(e)(1).

In support of his motion for early termination of his supervised release, Mr. Morrill reports that he has been on supervised release for approximately six years, has "maintained employment," has worked for an auto parts company for the past three years, lives with a girlfriend, completed treatment and individual and group therapy, and paid his financial obligations.[1]

Mr. Morrill's motion for early termination generally suggests that there is nothing more that continued supervised release can accomplish. The court disagrees.

The nature and circumstances of Mr. Morrill's offense, possession of child pornography, are extremely serious. He possessed hundreds of pictures and dozens of videos of child sexual exploitation material. The sentence imposed by the court included both the 63-month period of incarceration and lifetime supervised release. Those two components together help to deter Mr.

---

[1] *Id*. at 1-4.

Morrill from further offenses, as well as provide general deterrence by recognizing the seriousness of the offense. And even if, as Mr. Morrill suggests, terminating his supervision now would not cause an unwarranted sentencing disparity—based on the totality of his record and the facts before the court, no disparity would be caused by leaving the sentence unchanged.

In sum, Mr. Morrill reports progress in his post-incarceration life over the past 8–9 years, including his completion of treatment and therapy, employment success, and a relationship. The reported progress is commendable. But the court is not persuaded that his conduct, the totality of the record facts, and the factors the court is required to and has considered, show that it is in the interest of justice for Mr. Morrill's supervised release to be terminated.

Accordingly, the Motion is DENIED.

Signed January 15, 2025.

BY THE COURT

_____
David Barlow
United States District Judge